THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS LEWIS
5172 GREENLEAF DRIVE
SWARTZ CREEK, MI 48473

    Plaintiff

COMPLAINT AND DEMAND
FOR JURY TRIAL

V.

GRAND TRUNK WESTERN RAILROAD COMPANY
CSC-LAWYERS INCORPORATING
REGISTERED OFFICE ADDRESS:
601 ABBOT ROAD
EAST LANSING, MI  48823

    Defendant

_____

Plaintiff Douglas Lewis, by and through his attorneys, Brian Reddy and The Reddy Law Firm, complains and states his causes of action against Defendant, GRAND TRUNK WESTERN RAILROAD COMPANY, as follows:

1. The respective rights and remedies of the parties in this case are governed by *45 U.S.C. §51 et seq.*, commonly known as the Federal Employers Liability Act ("FELA"), and the Federal Safety Appliance Act, *49 U.S.C. §20302* ("FSAA") and jurisdiction and venue are properly vested in this court pursuant to *45 U.S.C. §56*.

2. At all times relevant to this action Defendant Grand Trunk Western Railroad Company was, and is, a corporation licensed to conduct business, and regularly conducting business in the State of Michigan and is a resident of this judicial district as provided in *28 U.S.C. §1391*.

3. At all times herein Plaintiff resides within this judicial district, specifically in the City of Swartz Creek, Michigan.

4. The incident that is the subject of this Complaint occurred within this judicial district, specifically Oakland County, Michigan

5. At all times herein Defendant Grand Trunk Western Railroad Company is a common carrier by rail engaged in interstate commerce between states and subject to the provisions and requirements of the FELA.

6. At all times relevant hereto Plaintiff Douglas Lewis is a railroad employee working as a conductor for the Defendant and was acting in the course and scope of his employment in furtherance of the Defendant's business in interstate commerce.

7. At all times relevant to this action Defendant Grand Trunk Western Railroad Company owned and operated a railroad engaged in interstate commerce and conducted business in this judicial district, and elsewhere in the State of Michigan and is a common carrier by railroad as defined in *45 U.S.C. § 51 et seq.*

## COUNT I

### Federal Employers Liability Act

Plaintiff restates and incorporates by reference each and every allegation stated above in paragraphs 1 through 7, as though fully stated and set forth herein, and further alleges:

8. On or about April 24, 2016 Plaintiff was assigned to work at the Defendant's Ferndale Rail Yard, in Oakland County, Michigan and was working as a conductor on one of the Defendant's trains.

9. On or about April 24, 2016 Plaintiff, while working the above-mentioned assignment,

was negligently assigned to work on a vehicle, specifically a rail car, that was not reasonably safe.

10. On or about April 24, 2016 as a result of the Defendant's negligence, Plaintiff was caused and permitted to operate a handbrake on said vehicle that did not operate properly and in a manner that was reasonably safe, causing the handbrake and its mechanism to suddenly and unexpectedly "slip" or "release", and thereby causing the Plaintiff to fall from an elevated platform on the rail car to the ground below an, as result of this, sustain serious and permanent injuries.

11. Plaintiff states that on or about April 4, 2016 he was caused to suffer permanent injuries and damages and said injuries and damages resulted, in whole or in part, from the negligent acts and/or omissions of the Defendant Grand Trunk Western Railroad Company including but not limited to the following:

   a. Defendant failed to provide Plaintiff with a reasonably safe place to work;

   b. Defendant failed to provide reasonably safe conditions for Plaintiff to work in;

   c. Defendant failed to provide reasonably safe tool(s) and/or equipment for Plaintiff to work with;

   d. Defendant failed to properly inspect and maintain the equipment Plaintiff was assigned to work with;

   e. Defendant failed to warn Plaintiff of the unsafe and hazardous conditions he was assigned to work with;

   f. Defendant failed to protect Plaintiff from the unsafe conditions and the unsafe equipment Plaintiff was assigned to work with;

   g. Defendant failed to comply with the requirements of the Federal Safety Appliance Act, 49 U.S.C. §20302 ("FSAA") and the rules and regulations promulgated thereunder;

    h.  Defendant failed to comply with other state and federal laws, rules, regulations for the protection of railroad workers;

    i.  Defendant failed to comply with and uphold their own policies and rules pertaining to the safety of their employees and the maintenance and safety of their equipment, workplace and tools;

    j.  Defendant failed to promulgate and/or enforce reasonable and safe practices and procedures in the workplace, so as to ensure Plaintiff would not be assigned to conduct his work duties in a manner that was not reasonably safe and/or with the reasonably safe tool(s) and equipment for the assigned work.

    k.  Defendant failed to provide adequate numbers of properly trained employees for the completion of the tasks necessary to ensure Plaintiff was provided a reasonably safe place to work.

    l.  Other acts and omissions constituting violations of the FELA, FSAA and other applicable state and federal laws, rules and regulations to be determined in the course of discovery.

12.  As a result of the negligent and/or reckless acts and/or omissions of Defendant, Plaintiff Douglas Lewis, sustained severe, permanent and disabling injuries and/or aggravation of any related pre-existing physical condition, if any, including the following injuries and/or damages, which comprise a non-exclusive list:

    a.  Severe injury to the shoulder and associated vessels, ligaments, nerves, soft tissues, associated/adjacent structures and extremities necessitating surgical interventions, concussion, loss of consciousness, painful medical and rehabilitative treatments, and use of narcotic and other medications;

    b.  Physical pain and suffering, past, present and future;

    c.  Physical disability and inability to perform certain physical functions, past, present and future;

    d.  Lost earnings and benefits of employment, past, present and

   future;

  e. Emotional and psychological pain and suffering, past, present and future;

  f. Fright and shock;

  g. Loss of social pleasures and enjoyments, and loss of or diminishment of his enjoyment of life, past, present and future;

  h. Embarrassment and humiliation past, present and future;

  i. Medical bills and expenses, past, present and future;

  j. Loss of household services past, present and future; and

  k. Other injuries and damages that may be diagnosed or become known throughout the course of this case.

## COUNT 2
### Federal Safety Appliance Act Violation
### Absolute Liability

Plaintiff restates and incorporates by reference each and every allegation stated above in paragraphs 1 through 12 as though fully stated and set forth herein, and further alleges:

13. On or about April 24, 2016 the rail car on which Plaintiff was assigned to work was not equipped with an efficient handbrake as required by the Federal Safety Appliance Act ("FSAA") and the Rules and Regulations promulgated thereunder.

14. On or about April 24, 2016, the Defendant's violation of the FSAA and the Rules and Regulations promulgated thereunder was a cause, in whole or in part, of the Plaintiff's injuries and damages as set forth in Count 1 of this Complaint.

WHEREFORE, Plaintiff prays for a judgment against the Defendant in Counts 1 and 2, for full, fair and just compensation for his damages and losses as alleged above, in the

amounts to be proved at trial, but not less than Five Million Dollars ($5,000,000.00) if judgment is taken by default, plus such other and further relief as justice requires, plus all interest and costs allowed by law.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES.

Respectfully Submitted

/s/ Brian Reddy
Brian Reddy
THE REDDY LAW FIRM
Attorney for Plaintiff
427 W. Dussel Drive, Ste. 266
Maumee, OH 43537
Telephone: 419.482.1467
Facsimile: 419.419.3512
Brian@thereddylawfirm.com